IN THE DISTRICT COURT OF CUSTER COUNTY
STATE OF OKLAHOMA

FILED
DISTRICT COURT
Custer County, Okla.

AUG 2 0 2021

STACi HUNTER
*COURT CLERK*

| | | |
|---|---|---|
| LUIS C. ALVAREZ and DIANA J. ALVAREZ, husband and wife, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CJ-2021-*65* |
| | ) | |
| LANDSTAR RANGER INC. and SUSAN CROSSEN, | ) | |
| | ) | |
| Defendants. | ) | |

## PETITION

The Plaintiffs, Luis C. Alvarez ("Mr. Alvarez") and Diana J. Alvarez (collectively referred to hereinafter as "Plaintiffs"), for their Petition against the Defendants, Landstar Ranger, Inc. ("Landstar") and Susan Crossen ("Crossen")(collectively referred to hereinafter as "Defendants"), allege and state:

### JURISDICTION AND VENUE

1.     Plaintiffs reside in Weatherford, Custer County, Oklahoma, and at all relevant times have been citizens of Oklahoma.

2.     Defendant, Landstar, has its principal place of business in Jacksonville, Florida, and at all relevant times has operated its business in Oklahoma.

3.     Defendant, Crossen, resides in Little Rock, Arkansas, and at all relevant times has operated her pilot car business in Oklahoma.

4.     The underlying traffic accident and events giving rise to this lawsuit occurred in Custer County, Oklahoma.

5.     The District Court in and for Custer County has jurisdiction over the parties pursuant to 12 O.S. § 141.



## FACTUAL BACKGROUND

6.      Plaintiffs hereby adopt and allege each of the facts and allegations set forth in paragraphs 1 through 5, above.

7.      On August 10, 2020, Mr. Alvarez was hauling rock for his own company northbound on State Highway 54 ("54") approaching Weatherford, Oklahoma.

8.      At the same time, Crossen was operating a single pilot car on behalf of Landstar on 54 near County Road 1050 ("1050") just south of Weatherford, Oklahoma.

9.      Crossen was guiding Landstar as it was hauling a massive wind turbine southbound on 54. Landstar was required to make a right hand turn onto 1050 just south of Weatherford.

10.     Because of the size of Landstar's load, Landstar and Crossen blocked the entire highway effectively closing 54 to all traffic during Landstar's turn onto 1050.

11.     Prior to Landstar's attempted turn onto 1050, Crossen had moved just south of 1050 in a presumptive effort to warn northbound traffic of the road closure.

12.     However, there was a hill on 54 just south of 1050 where Landstar had started its turn.

13.     Instead of driving to the crest of the hill south of 1050 to notify northbound traffic of the road closure, Crossen moved approximately 20 feet south of 1050 on 54 and parked in the northbound lane.

14.     In short, Crossen failed to move far enough south of 1050 to the crest of the hill on 54 to properly notify northbound traffic of the immediate road closure over the hill.

15.     Crossen's decision to park at the base of the hill instead of the top of the hill made it impossible for northbound traffic – especially a tractor trailer hauling thousands of pounds of material like the one Mr. Alvarez was operating – to have knowledge of and/or appreciate the road closure.

2

16. Once Mr. Alvarez crested the hill and realized the road was closed, he did everything in his power to avoid a certain fatality accident.

17. Instead of hitting Crossen and Landstar's turbine, Mr. Alvarez slammed on his brakes and drove his tractor trailer into the ditch (the "Accident").

18. In the end, Mr. Alvarez's brave actions under immense pressure likely saved lives.

19. As a result of the Accident, Mr. Alvarez sustained significant and permanent bodily injuries, loss of earnings and property damage to his tractor trailer.

20. Without question, Landstar failed to hire enough pilot car operators to properly and effectively close 54 so it could make the required turn onto 1050. Had Landstar hired more than one pilot car, it could have closed 54 properly.

21. Notwithstanding, Crossen and Landstar attempted to close 54 with one pilot car which resulted in the Accident and Plaintiffs' injuries.

### FIRST CAUSE OF ACTION - NEGLIGENCE - SUSAN CROSSEN

The Plaintiffs, for their First Cause of Action, adopt and incorporate the allegations made in numerical paragraphs 1 through 21, above, and in addition, allege and state:

22. Defendant had a duty under Oklahoma statutes, common law and Okla. Admin. Code § 595:30-3-17 to properly control traffic while piloting Landstar and its load.

23. Defendant violated 47 O.S. § 11-901, *et seq.*, amongst other statutes, the common law and Okla. Admin. Code § 595:30-3-17 for closing 54 in a negligent manner which caused the Accident. Such action constitutes negligence *per se*.

24. More specifically, Defendant breached her duties by attempting to close 54 by herself and by failing to move far enough south on 54 to the crest of the hill to properly notify northbound traffic of the road closure.

3

25.     Defendant's breach in this regard was the proximate cause of the Accident and Plaintiffs' injuries and damages.

26.     Plaintiffs sustained property damage, bodily injuries, mental injuries, medical expenses and incidental losses in excess of $75,000.00 as a direct result of this Accident.

27.     Plaintiffs' injuries are life-altering, permanent and severe.

28.     Defendant's actions at the time of the Accident constitute a willful, wanton and reckless disregard for the rights and safety of Plaintiffs.  As such, an award of punitive damages is in order.

29.     Finally, Plaintiffs are entitled to recover attorneys' fees and court costs herein as Defendant's actions constitute the negligent destruction of Plaintiffs' property. *See* 12 O.S. § 940. Plaintiffs' damages in this regard continue to accrue.

30.     Accordingly, Plaintiffs respectfully request this Court enter a judgment in their favor and against Defendant, Crossen, for damages in excess of $75,000.00, including punitive damages, along with interest, costs, attorney fees and any all other legal or equitable relief this Court deems just and proper.

### SECOND CAUSE OF ACTION - NEGLIGENCE - LANDSTAR RANGER, INC.

The Plaintiffs, for their Second Cause of Action, adopt and incorporate the allegations made in numerical paragraphs 1 through 30, above, and in addition, allege and state:

31.     That all times previously identified in Plaintiffs' Petition, Defendant, Landstar, was operating an oversized load on Oklahoma highways as defined by Oklahoma law.

32.     Accordingly, Landstar had an independent duty under Oklahoma law and the common law to hire a sufficient amount of pilot cars to properly transport its oversized load in a non-negligent manner.

4

33.     Had Landstar hired a sufficient amount of pilot cars, the subject highway could have been properly closed and the Accident avoided altogether.

34.     Landstar breached its duty in this regard by only hiring one pilot car, namely, Crossen, to pilot its oversized load on the date of the Accident.

35.     Landstar's breach was the proximate cause of the Accident and Plaintiffs' injuries and damages.

36.     Plaintiffs sustained property damage, bodily injuries, mental injuries, medical expenses and incidental losses in excess of $75,000.00 as a direct result of this Accident.

37.     Plaintiffs' injuries are life-altering, permanent and severe.

38.     Defendant's actions at the time of the Accident constitute a willful, wanton and reckless disregard for the rights and safety of Plaintiffs.  As such, an award of punitive damages is in order.

39.     Finally, Plaintiffs are entitled to recover attorneys' fees and court costs herein as Defendant's actions constitute the negligent destruction of Plaintiffs' property. *See* 12 O.S. § 940. Plaintiffs' damages in this regard continue to accrue.

40.     Accordingly, Plaintiffs respectfully request this Court enter a judgment in their favor and against Defendant, Landstar, for damages in excess of $75,000.00, including punitive damages, along with interest, costs, attorney fees and any all other legal or equitable relief this Court deems just and proper.

**WHEREFORE**, the Plaintiffs, for their causes of action, pray for judgment against the Defendants, Susan Crossen and Landstar Ranger, Inc., for an amount in excess of $75,000.00, plus their attorney's fees, costs, prejudgment interest and punitive damages.

5

Respectfully submitted,

Clayton B. Bruner, OBA No. 22079
CLAYTON B. BRUNER, P.L.L.C.
222 W. Tom Stafford
Weatherford, Oklahoma 73096
Telephone:      (580) 774-5363
Facsimile:      (580) 772-1116
Email:          clay@claybruner.com
ATTORNEY FOR PLAINTIFFS,
LUIS C. ALVAREZ AND DIANA J. ALVAREZ

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**

6

8/24/20
WWS

# ACORD® CERTIFICATE OF LIABILITY INSURANCE

**DATE (MM/DD/YYYY)** 08/18/2020

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | CONTACT NAME: Charles James Caylas Insurance, Inc. |
|---|---|
| Charles J Caylas Insurance Inc.<br>2725 E Parleys Way Ste 170<br>SLC, UT 84109<br>Phone: (801) 488-0085  Fax: (801) 463-6683 | PHONE (A/C, No, Ext): (801) 488-0085  FAX (A/C, No): (801) 463-6683 |
| | E-MAIL ADDRESS: jalene@caylas.com |
| | **INSURER(S) AFFORDING COVERAGE** NAIC # |
| INSURED | INSURER A : Atain Specialty Insurance Company   17159 |
| Rockin' It Pilot Cars | INSURER B : |
| | INSURER C : |
| 880 East 6th St #6 | INSURER D : |
| New Richmond     WI     54017- | INSURER E : |
| | INSURER F : |

**COVERAGES     CERTIFICATE NUMBER:                    REVISION NUMBER:**

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | X COMMERCIAL GENERAL LIABILITY | X | X | PLS03611 | 08/23/2020 | 08/23/2021 | EACH OCCURRENCE | $ 1,000,000 |
| | ☐ CLAIMS-MADE  X OCCUR | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ 100,000 |
| | | | | | | | MED EXP (Any one person) | $ 5,000 |
| | | | | | | | PERSONAL & ADV INJURY | $ 1,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER: | | | | | | GENERAL AGGREGATE | $ 2,000,000 |
| | X POLICY ☐ PRO-JECT ☐ LOC | | | | | | PRODUCTS - COMP/OP AGG | $ 2,000,000 |
| | OTHER: | | | | | | | $ |
| | AUTOMOBILE LIABILITY | | | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | ☐ ANY AUTO | | | | | | BODILY INJURY (Per person) | $ |
| | ☐ ALL OWNED AUTOS  ☐ SCHEDULED AUTOS | | | | | | BODILY INJURY (Per accident) | $ |
| | ☐ HIRED AUTOS  ☐ NON-OWNED AUTOS | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| | ☐ UMBRELLA LIAB  ☐ OCCUR | | | | | | EACH OCCURRENCE | $ |
| | ☐ EXCESS LIAB  ☐ CLAIMS-MADE | | | | | | AGGREGATE | $ |
| | ☐ DED  ☐ RETENTION $ | | | | | | | $ |
| | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY   Y / N | | | | | | ☐ PER STATUTE  ☐ OTH-ER | |
| | ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? (Mandatory in NH) | N/A | | | | | E.L. EACH ACCIDENT | $ |
| | If yes, describe under DESCRIPTION OF OPERATIONS below | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| A | Professional Liability | X | | PLS03611 | 08/23/2020 | 08/23/2021 | E.L. DISEASE - POLICY LIMIT | $ |
| | | | | | | | Per Claim | 1,000,000 |
| | | | | | | | Aggregate | 1,000,000 |
| | | | | | | | BI/PD | 25,000 |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)

Professional pilot car that escorts oversized loads including emergency shunting, flagging, height pole, and route surveys.
EXCLUDING: Tillering, rigging, steerables, and hot shot services.

Certificate holder is listed as "Additional Insured"

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Landstar Transportation Logistics, Inc.<br>Attn: Heavy Specialized Dept<br>13410 Sutton Park Drive South<br>Jacksonville, FL 32224<br><br>Fax: (866) 661-1268 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.<br><br>AUTHORIZED REPRESENTATIVE<br><br>*[signature]* Charles James Caylas |

© 1988-2014 ACORD CORPORATION. All rights reserved.

ACORD 25 (2014/01)          The ACORD name and logo are registered marks of ACORD

*MW*
*8/24/20*

**ACORD®**

# CERTIFICATE OF LIABILITY INSURANCE

| DATE (MM/DD/YYYY) |
|---|
| 8/20/2020 |

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.  THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

**IMPORTANT:** If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must have ADDITIONAL INSURED provisions or be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement.  A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | CONTACT NAME: | |
|---|---|---|
| Mower Insurance Agency, Inc.<br>515 W Prairie View Road<br>Chippewa Falls WI 54729 | PHONE (A/C, No, Ext): 715-723-5525 | FAX (A/C, No): 715-723-5157 |
| | E-MAIL ADDRESS: | |
| Licensed: 100101245 | INSURER(S) AFFORDING COVERAGE | NAIC # |
| ROCKITP-01 | INSURER A : Progressive Insurance Co | 38628 |
| INSURED<br>Rockin' It Pilot Cars<br>Jesse Hop dba<br>880 E 6th St Apt 6<br>New Richmond WI 54017 | INSURER B : | |
| | INSURER C : | |
| | INSURER D : | |
| | INSURER E : | |
| | INSURER F : | |

| COVERAGES | CERTIFICATE NUMBER: 195161397 | REVISION NUMBER: |
|---|---|---|

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED.  NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| | **COMMERCIAL GENERAL LIABILITY**<br>☐ CLAIMS-MADE ☐ OCCUR | | | | | | EACH OCCURRENCE | $ |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ |
| | | | | | | | MED EXP (Any one person) | $ |
| | | | | | | | PERSONAL & ADV INJURY | $ |
| | GEN'L AGGREGATE LIMIT APPLIES PER:<br>☐ POLICY ☐ PRO-JECT ☐ LOC<br>OTHER: | | | | | | GENERAL AGGREGATE | $ |
| | | | | | | | PRODUCTS - COMP/OP AGG | $ |
| | | | | | | | | $ |
| A | **AUTOMOBILE LIABILITY**<br>☐ ANY AUTO<br>☐ OWNED AUTOS ONLY ☒ SCHEDULED AUTOS<br>☐ HIRED AUTOS ONLY ☐ NON-OWNED AUTOS ONLY | Y | | 04083053-3 | 8/23/2020 | 8/23/2021 | COMBINED SINGLE LIMIT (Ea accident) | $1,000,000 |
| | | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| | ☐ UMBRELLA LIAB ☐ OCCUR<br>☐ EXCESS LIAB ☐ CLAIMS-MADE | | | | | | EACH OCCURRENCE | $ |
| | | | | | | | AGGREGATE | $ |
| | ☐ DED ☐ RETENTION $ | | | | | | | $ |
| | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY**<br>ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? ☐ Y ☐ N (Mandatory in NH)<br>If yes, describe under DESCRIPTION OF OPERATIONS below | | N/A | | | | ☐ PER STATUTE ☐ OTH-ER | |
| | | | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)
Vehicles: 2006 Dodge Grand Caravan (1D4GP24R06B641079); 2006 Dodge Grand Caravan (1D8GP24E06B673221); 2007 Dodge Grand Caravan (2D4GP44L67R260976); 2006 Dodge Grand Caravan (1D8GP25E36B600293); 2007 Ford F150 (1FTPX12V77FB07188); 2017 Ram 1500 (1C6RR7LT6HS598145); 2006 Dodge Grand Caravan (1D8GP24E56D650826); 2014 Ram1500 (1C6RR7HT9ES242812)

Drivers: Jesse Hop, LaRockzana Hop, Dion Pye, Danny Crossen, Rickey Lovins, Susan Crossen, Michael Gibbs

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| LANDSTAR<br>13410 SUTTON PARK DR SOUTH<br>JACKSONVILLE FL 32224 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.<br><br>AUTHORIZED REPRESENTATIVE<br>*signature* |

© 1988-2015 ACORD CORPORATION. All rights reserved.

ACORD 25 (2016/03)          The ACORD name and logo are registered marks of ACORD

THIS CERTIFICATE SUPERSEDES PREVIOUSLY ISSUED CERTIFICATE